IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PLAINTIFF |
| V. | CASE NO. 3:05CV122 |
| HILL BROTHERS CONSTRUCTION AND ENGINEERING COMPANY, INC. | DEFENDANT |
| SCOTT BEASLEY | INTERVENOR |

**MEMORANDUM OPINION**

This cause comes before the court on motions of intervenor Scott Beasley and the Equal Employment Opportunity Commission to amend the judgment of the jury verdict returned on February 9, 2007 pursuant to Fed. R. Civ. Pro. 59(e) or in the alternative for a new trial on back pay and damages, and for additur, as well as the motion of the Defendant Hill Brothers Construction and Engineering Company, Inc. (hereinafter Hill Brothers) for judgment as a matter of law on the issue of liability or for a vacation of punitive damages, or in the alternative for a new trial.  The court has reviewed the briefs and submissions and is prepared to rule.

I. STANDARD OF REVIEW

When considering a motion to alter or amend judgment under Rule 59(e), relief should only be granted when there is: (1) an intervening change in controlling law, (2) new and previously unavailable evidence is now available, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The granting of such a motion is an extraordinary measure which the court should exercise sparingly. See, 11 Charles A.

Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*: Civil 2d § 2810.1, 124.

A motion for judgment as a matter of law in an action tried by a jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict. *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). A jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as it did. *Id.* at 700 (quoting Fed. R. Civ. P. 50(a)(1)). A jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict. *Id.* Even though the court might have reached a different conclusion if it had been the trier of fact, it is not free to reweigh the evidence or to re-evaluate credibility of witnesses. *Id.* The court must not substitute its judgment for the jury's reasonable factual inferences to reach other inferences that it may regard as more reasonable. *Id.*

The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and is reversible only for an abuse of discretion. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)). In passing on a motion for a new trial, a trial court does not need to take the view of the evidence most favorable to the verdict winner, but may weigh the evidence. *Shows*, 671 F.3d at 269 (quoting *Bazile v. Bizzo Marine Co., Inc.*, 600 F. 2d 101, 105 (5th Cir. 1979)). This does not mean that a judge may order a new trial simply because he or she disagrees with the jury verdict. *Id.* The judge must be convinced that the verdict is against the great weight of the evidence. *Id.*

## II. MOTIONS FOR POST-JUDGMENT RELIEF

### A. Motion for Judgment as a Matter of Law

Title VII of the Civil Rights Act of 1964 provides that it shall be unlawful "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). This statutory language creates a cause of action "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 78 (1998) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Title VII prohibits discrimination against men as well as women. *Id.* (citing *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 682 (1983)). In deciding whether a violation of Title VII has occurred a court must determine "whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* (quoting *Harris*, 510 U.S. at 25 (Ginsburg, J., concurring)). There exists under Title VII no specific forms or categories of harassment which must be proved, but a plaintiff must always prove that the events complained of were not simply tinged with sexual connotations, but were actually sex-based discrimination. *Id.* at 80-81. As applicable in the present case, the correct standard for finding a violation of Title VII is the finding of an "objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive." *Id.* at 81 (quoting *Harris*, 510 U.S. at 21). In this circuit, a claim for hostile work environment requires the plaintiff to prove five factors: (1) membership in a protected group; (2) subjection to unprovoked sexual advances, or

3

request for sexual favors, or other verbal or physical conduct of a sexual nature; (3) but for their sex, the claimant would not have been the object of harassment; (4) the harassment was sufficiently pervasive to alter the conditions of employment and create an abusive or hostile working environment; (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Cortes v. Maxus Exploration*, 977 F.2d 195, 199-200 (5th Cir. 1992) (citing *Jones v. Flagship Int'l*, 793 F.2d 714, 710-20 (5th Cir. 1986).

In order to establish constructive discharge, the plaintiff must prove that "working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Id.* (citing *Landgraf v. USI Film Prods.,* 968 F.2d 427, 429 (5th Cir. 1992) (internal citations omitted)).

This Court must view the evidence and reasonable inferences in the light most favorable to the jury's determination that Hill Brothers subjected the Plaintiffs and Intervenor to a sexually hostile work environment and constructively discharged them. Such examination dictates that the Court find that the jury determination is reasonable and is supported by a sufficient evidentiary basis.

As is generally the case, this court is hesitant to disturb the carefully-considered verdict of a duly empaneled jury. In this case the verdict was supported by substantial evidence. Joel Graves testified that he was subjected to daily incidents by Greg Witt, a Hill Brothers supervisor, of either "hunching," or exposing his penis to Mr. Graves. Melanie Peacock, a witness with no interest in the outcome of the case, testified to witnessing one such incident of "hunching." Graves testified that Witt would stand on the job site exposing his penis to passing trucks "ninety percent (90%) of the time." Graves further testified that Witt attempted to touch him with his penis. Darren

4

McLemore testified that he saw Witt slap Graves on the backside as Graves was entering a van used to transport truck drivers.

Scott Beasley testified that Witt, on numerous occasions, attempted to grope or grab at his crotch. Douglas Eric Smith testified that on one occasion Witt made fun of his tongue ring stating that it "felt good." This testimony allowed the jury to infer that Witt was referring to Smith performing a sex act on him. Smith further testified to witnessing Witt in his underwear fondling himself. Graves testified that this same event occurred every time that Graves picked up his paycheck. Smith and Beasley both testified that Witt tried to force their heads into his lap. The testimony showed that these activities occurred solely in relation to male employees. Peacock testified that she reported activities that made up the basis of this claim to the company, but no action was taken. Additionally, there was testimony that the men themselves contacted Tina Robinson from Hill Brothers' office in an attempt to relate the events they perceived as sexual harassment. Robinson testified that she received complaints of sexual harassment, but did not investigate them. In combination with Hill Brothers' failure to correctly identify their EEO officer, a reasonable jury was able to determine that Hill Brothers was both aware of the conduct and failed to take action to stop it.

Hill Brothers was permitted to put on witnesses that contradicted this testimony. Additionally, Hill Brothers cross-examined each witness and raised some inconsistencies that went to the witnesses' credibility. However, it is clear from the jury's verdict that the jury found the witnesses presented by the Plaintiffs and Intervenor to be more credible than the defense witnesses. This may not be the only rational conclusion that the jury could have reached, but it is a rational conclusion and must stand. A reasonable jury could have determined (1) the men were part of a protected group; (2)

they were subjected to unprovoked sexual advances, or request for sexual favors, or other verbal or physical conduct of a sexual nature; (3) but for their sex, the Plaintiffs and Intervenor would not have been the object of harassment; (4) the harassment was sufficiently pervasive to alter the conditions of employment and create an abusive or hostile working environment; and, (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.  Further a jury could have rationally found that in the face of this activity that a reasonable person would have felt compelled to resign.  Therefore the jury's verdict must stand and the Defendant is not entitled to a judgment as a matter of law.

Defendant's motion for judgment as a matter of law is denied.

### B.  Motion for a New Trial

While this court is hesitant to disturb the carefully-considered verdict of a duly empaneled jury, it is within the court's sound discretion to grant a motion for a new trial. A motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure allows the court to view all of the evidence and determine the fairness of the trial and the reliability of the jury's verdict.  If an error at trial requires a new trial on one issue, but this issue is separate from the other issues in the case and the error did not affect the determination of the other issues, the scope of the new trial may be limited to the single issue, e.g., the new trial may be limited to the issue of liability or damages.  C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* § 2814, p. 150 (citing *Kemp v. Balboa,* 23 F.3d 211 (5th Cir. 1994 )).  However, a new trial on the issue of damages alone is not proper if there is reason to think that the verdict may represent a compromise among jurors with different views on whether defendant was liable or if for some other reason it appears that the error on the damage issue may have affected the determination

of liability. *Hatfield v. Seaboard Airline R. Co.,* 396 F.2d 721 (5th Cir. 1968). This Court must consider the totality of the circumstances in determining realistically whether all issues need to be retried, even if the immediate impact of the error complained of was on a particular issue. The test governing conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted. *Griffin v. Matherne,* 471 F.2d 911, 915 (5th Cir. 1973).

A compromise verdict occurs when a jury is unable to agree on liability and therefore compromises between their disagreements by awarding inadequate damages. *Pagan v. Shoney's, Inc.,* 931 F.2d 334, 339 (5th Cir. 1991). In determining whether a jury reached a compromise verdict, the court examines the "totality of the circumstances" and considers any indicia of compromise apparent from the record, as well as other factors that may indicate compromise. *Yarbrough v. Sturm, Ruger & Co.,* 964 F.2d 376, 379 (5th Cir. 1992). Factors a court may consider include: (1) an inadequate award of damages, (2) whether the issues of liability were strongly contested, (3) whether the jury was confused, (4) whether the parties are satisfied with the verdict, (5) how long the jury deliberated, (6) whether the jury requested additional instructions, and (7) whether the jury had attempted to qualify its award in any way. *Pagan,* 931 F.2d at 339. However, there is no compromise verdict if the court can find a legitimate explanation for an inconsistent award of damages. *Id.*

In this case, the jury declared itself hopelessly deadlocked after a few hours of deliberation. After being instructed by this Court to continue deliberations, the jury quickly returned a verdict finding Hill Brothers liable for both submitted claims. The jury, however, awarded no compensatory damages or back pay, instead awarding each

claimant $75,000 in punitive damages amounting to a total judgment of $225,000 in punitive damages against Hill Brothers.[1]

In the present case, the jury's award simply does not conform to their verdict. Based on the jury's finding of liability, the damages awarded were inadequate. An award of back pay is proper whenever an employee is impermissibly constructively discharged. *Jurgens v. EEOC*, 903 F.2d 386, 389-90 (5th Cir. 1990). Exceptions to awards of back pay are narrow once an economic loss has been established. *Carpenter v. Stephen F. Austin State University*, 706 F.2d 608, 631 (5th Cir. 1983). Here the evidence of economic loss is undisputed. Both the Plaintiff and Intervenor request an additur[2] based on individual testimony that went to lost wages. This testimony was not challenged by the Defendant, nor was evidence put on that would tend to show that the affected men did not reasonably mitigate their damages. This point is at least partially conceded by Hill Brothers which puts forth the theory that the jury simply did not believe the Claimants' testimony as it relates to economic damages. *See*, *Reply Brief in Support of Defendant's Motion for Judgment as a Matter of Law, to Alter the Judgment or, in the Alternative, for a New Trial* at 8. However, the jury's finding of liability shows that they gave credence to the Claimants' testimony. Thus it is inconsistent and against the great weight of the evidence for the jury to believe the Claimants' testimony as to the heavily litigated issue of liability, but not to accept their testimony as it relates to the undisputed issue of economic loss.

Further, the issues of liability were hotly contested in this case. There was significant argument as to whether the alleged events occurred, and if those events did

---

[1] The Court does not reach the question of whether punitive damages may stand in Title VII actions where the jury makes a finding of no actual injury as that question is rendered moot by the Court's other rulings.
[2] The Court does not reach the question of whether additur is a proper remedy as the finding that the jury's verdict was an impermissible compromise requires a new trial and renders moot the issue.

occur, whether they rose to the level of violating Title VII. While this Court doubts that the heavily contested nature of this case resulted in jury confusion, it did serve to provide the jury with a difficult and potentially close question. Certainly a reasonable jury could have concluded that Hill Brothers was liable, as discussed above, but the jury could have also reasonably concluded that the work environment, while rough and crude, was not of such a nature to support a finding of sex-based discrimination. The difficulty in answering this question is evidenced by the jury's indication that they were initially hung after several hours of deliberation.

After being instructed to continue deliberating the jury was able to quickly reach a verdict. This verdict, however, pleased neither party. The Claimants argue that the verdict award failed to make them whole by awarding back pay. The Defendant similarly, was displeased not only with the finding of liability, but with the award of punitive damages without the finding of actual damages.

The verdict in this case, which pleased no-one, was reached extremely quickly after the jury's stated indication that it was hopelessly deadlocked. All things considered, this abrupt change in the jury's decision indicates a compromise verdict. The deliberations stretched into Friday evening. While it is neither possible nor good policy for this Court to read the minds of jurors, it appears under this circumstance of a late end of the week deliberation that a tired and split jury came to a compromise decision. In fact, Intervenor Beasley concedes that the facts "strongly indicate that the jury improperly compromised its verdict." *See, Plaintiff Scott Beasley's Rule 59(e) Motion, or, in the Alternative, Motion for New Trial on the Issues of Back Pay and Damages* at 3.

Thus the totality of the circumstances shows that the jury impermissibly compromised its verdict. The jury reached a verdict in a vigorously contested case which

provided for inadequate damages, was acceptable to neither party, and was returned in a manner which indicated an improper compromise. In the interests of justice this Court has no recourse except to grant the Defendant's Motion for a New Trial on the issue of liability and damages.

The motions of intervenor Scott Beasley and the Equal Employment Opportunity Commission and the defendant, Hill Brothers, are GRANTED IN PART and DENIED IN PART. The court hereby GRANTS a new trial on liability and damages, and DENIES the defendant's motion for judgment as a matter of law. The motions of Scott Beasley and the EEOC for additur are dismissed as MOOT. An order to this effect shall issue this day.

It is so ordered.

This the 12th day of September, 2007.

    /s/ Michael P. Mills
    **CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF MISSISSIPPI**